UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMANTHA D. MASE,<br><br>     Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>     Defendant. | Civil Action No.: 21-10024 (JXN)<br><br>OPINION |

**NEALS**, District Judge:

  **THIS MATTER** comes before the Court by way of Plaintiff Samantha D. Mase's ("Plaintiff") appeal for judicial review of a final decision issued on behalf of the Commissioner of the Social Security Administration ("Commissioner"), which denied her claim for disability insurance benefits. (ECF No. 1). *See also* 42 U.S.C. § 405(g); L. Civ. R. 9.1.

  The Court considered the administrative record, the submissions made in support of and in opposition to the instant appeal, and oral argument. For the reasons set forth below and stated on the record, the Court remands this matter for further proceedings that are consistent with this Opinion.

  **I. BACKGROUND**

  Plaintiff requested a hearing before an Administrative Law Judge on March 16, 2017 (Tr. 112). On April 3, 2017, the Agency provided Plaintiff with a letter acknowledging her request for a hearing, and explaining the next steps that she should take to "get ready for her hearing" (Tr. 114). Plaintiff was advised of her right to be represented at the hearing, and she was provided with a long list of attorneys that might be able to represent her (Tr. 115, 118-22).

In July 2018, a full year after she was advised of her right to representation, a hearing was scheduled for October 11, 2018 (Tr. 128). On October 11, 2018, Plaintiff requested a postponement in order to obtain representation (Tr. 150). In January 2019, her hearing was rescheduled to April 10, 2019 (Tr. 151). During the April 2019 hearing, Plaintiff indicated that she wanted to ask for a postponement because she believed that there were outstanding medical records (Tr. 46). The Honorable Sharon Allard, Administrative Law Judge ("ALJ") acknowledged that there were medical records outstanding, and that the Agency was requesting updated records from her providers (Tr. 46). Although there were outstanding medical records, the ALJ explained that the hearing could proceed because the ALJ could take Plaintiff's "testimony regarding [her] symptoms . . . [her] conditions, the limits that [she has] had" (Tr. 48). The ALJ further explained that Plaintiff would "have an opportunity to look at those [additional post-hearing] records if [she was] unable to make a full, fully favorable decision" and Plaintiff would have an opportunity to let the ALJ know if her medical providers did not provide all the records that the Agency had requested (Tr. 48). At the conclusion of the hearing, the ALJ advised Plaintiff that she would have the opportunity to request a new hearing on the basis of the additional records (Tr. 80).

The ALJ also addressed Plaintiff's lack of representation during the hearing (Tr. 49). The ALJ, in relevant part, stated:

> Before we go any further, the previous hearing you advised that there would be only one postponement unless there was good cause for you not having a representative. And I see that you don't have a representative with you today and we're going to go forward in that representative's absence. And there is a form in front of you which advises you again of that and I will need you to sign that waiving that, your right to representation. Okay. All right.

(Tr. 49). The record reveals that Plaintiff executed the waiver, which, in relevant part, provides: "I understand my right to representation at the hearing. I voluntarily waive this right. I request

2

that I proceed without a representative. I also acknowledge that I received (by mail) a list of organizations that provide legal services prior to receiving the Notice of Hearing." (Tr. 186).

At the close of the hearing, the ALJ asked Plaintiff whether she wanted to make a closing statement, or had anything else to add, and Plaintiff said, "I don't think so. I think I've pretty much summed up everything that I wanted to say." (Tr. 80).

At the hearing, Exhibits 1A through 14F were admitted into evidence. The outstanding records that claimant identified, Exhibits 15F through 19F were subsequently procured by the ALJ, and proffered to the claimant, who did not levy any objection (Tr. 27). The ALJ proffered Exhibits 15F through 19F to the claimant post-hearing by way of a June 12, 2019 letter, which provided for "Actions You Have A Right To Take." (Tr. 314-315). Among the actions identified are "written comments concerning the evidence, a written statement as to the facts and law you believe apply to the case in light of that evidence, ..." and the ability to request a supplemental hearing "…to appear, testify, produce witnesses, and submit oral statements concerning the facts and law." *Id.* On August 16, 2019, the ALJ issued an unfavorable decision which found that Plaintiff was not disabled (Tr. 23-43).

Plaintiff requested a review by the Appeals Council, which was denied by action of the Appeals Council dated June 8, 2020 (Tr. 17-22). Plaintiff's attorney requested a reopening and extension due to Covid-19, which the Appeals Council granted (Tr. 10-11 and 8-9). On February 18, 2021, the Appeals Council entered an Order denying Plaintiff's appeal (Tr. 1-7). As a result, Plaintiff instituted this action on April 22, 2021, challenging the denial of her application for disability insurance benefits and supplemental security income benefits for physical and/or mental disability. *See* Compl., ECF No. 1.

## II. LEGAL STANDARD

This Court reviews the final decision of the Commissioner only to assess whether the decision rests on application of proper legal standards and is supported by "substantial evidence." 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).

In applying the deferential substantial evidence standard of review, the court does not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992); *Rutherford*, 399 F.3d at 552. Even if the court would have decided the case differently, it defers to the Commissioner and affirms his findings and decision so long as substantial evidence supports it. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quotations omitted).

As the Supreme Court recently reiterated, the standard for substantial evidentiary sufficiency "is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is only "more than a mere scintilla." *Id.* (internal quotation omitted). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation omitted). The substantial evidence standard, therefore, is even less demanding than the clearly-erroneous standard applicable to appellate review of district court fact-finding, *see Dickinson v. Zurko*, 527 U.S. 150, 153 (1999) (cited in *Biestek*, 139 S.Ct. at 1154) – a very deferential standard. To override the agency's factual findings, a reviewing court "must find that the evidence not only supports [a contrary] conclusion, but compels it." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (emphasis in original).

Although a claimant for disability insurance benefits from the Social Security Administration does not have a constitutional right to representation at the administrative

hearing, the claimant does have a statutory right to representation. *See Vivaritas v. Comm'r of Soc. Sec.*, 264 Fed.Appx. 155, 157 (3d Cir. 2008); 42 U.S.C. § 406; 20 C.F.R. § 404.1705. Thus, an ALJ must give the claimant notice of his right to counsel and the claimant can only waive this right *through a knowing and intelligent waiver*. *See Nevins v. Comm'r of Soc. Sec.*, No. CV 16-5765 (JLL), 2017 WL 2450280, at *2 (D.N.J. June 5, 2017) (citing *Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir. 1982) (emphasis added)). "The information necessary to ensure an intelligent and knowing waiver of counsel includes an explanation of the valuable role that an attorney could play in the proceedings, the possibility of free counsel, and the limitations on attorney's fees to 25 percent of any eventual awards." *Vance v. Heckler*, 579 F. Supp 318, 321 (N.D. Ill. 1984); *see also Yakley v. Astrue*, 2013 WL 1010671, *4 (D.N.J. Mar. 13, 2013) (applying the above referenced Seventh Circuit criteria and remanding the matter due to the absence of a knowing and intelligent waiver of the right to counsel).

The lack of representation alone is not grounds for remand. *See Phifer v. Comm'r of Soc. Sec.*, 84 Fed.Appx. 189, 190–91 (3d Cir. 2003); *Yakley*, 2013 WL 1010671 at *5. However, the Court can remand a decision if "the lack of counsel prejudices a claimant or where the lack of counsel leads to an administrative proceeding marked by unfairness." *Phifer*, 84 Fed.Appx. 190–91; *see also Mack*, Civ. No. 15–8527 at 7–8 (D.N.J. Jan. 12, 2017) (citing *Vivaritas*, 264 Fed.Appx. at 158 (3d Cir. 2008)). This exception is permissible because "[w]hile a claimant represented by counsel is presumed to have made her best case before the ALJ, no such presumption attaches to an unrepresented claimant." *Vivaritas*, 264 Fed.Appx. at 158 (quoting *Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007). Thus, the burden of proof falls on the Commissioner to show that he "adequately developed the record." *Yakley*, 2013 WL 1010671 at *5 (quoting *Binion v. Shahala*, 13 F.3d 243, 245 (7th Cir. 1994)).

5

The administrative hearing is also subject to considerations of due process. *Richardson v. Perales,* 402 U.S. 389, 401–02, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The United States Supreme Court has held a party is entitled to "conduct such cross-examination as may be required for a full and true disclosure of the facts." *Id.* at 409. Furthermore, "an opportunity for cross-examination is an element of fundamental fairness of the hearing to which a claimant is entitled under section [405(b)] of the Social Security Act." *Wallace v. Bowen*, 869 F.2d 187, 192 (3d Cir. 1989) (interpreting *Richardson* for the Third Circuit).

"[I]t is unmistakable under the statute that the Secretary may not rely on post-hearing reports without giving the claimant an opportunity to cross-examine the authors of such reports, *when* such cross-examination may be required for a full and true disclosure of the facts." *Id.* at 191–192 (emphasis added). Lastly, written comment alone may be an inadequate substitute for cross-examination. *Id.* at 192 (emphasis added).

In *Wallace*, the Third Circuit held that:

> when an administrative law judge chooses to go outside the testimony adduced at the hearing in making a determination on a social security claim, the ALJ must afford the claimant not only the opportunity to comment and present evidence but also an opportunity to cross-examine the authors of any post-hearing reports when such cross-examination is necessary to the full presentation of the case, and must reopen the hearing for that purpose if requested.

*Wallace*, 869 F.2d at 193.

"Waiver of the right to subpoena and cross-examine witnesses concerning post-hearing evidence must be 'clearly expressed or strongly implied from the circumstances.'" *Id.* (quoting *Lonzollo v. Weinberger*, 534 F.2d 712, 714 (7th Cir. 1976)).

### III.  ANALYSIS

The Court finds that ALJ's colloquy was not sufficient to elicit a valid waiver of the right to representation from Plaintiff. As noted above, an ALJ must give the claimant notice of his

right to counsel and the claimant can only waive this right through a knowing and intelligent waiver. *See Nevins*, 2017 WL 2450280, at *2 (citing *Smith*, 677 F.2d at 828). Here, Plaintiff did not waive her right to representation through a knowing and intelligent waiver. Although Plaintiff executed a waiver of representation form acknowledging that she understood that she had a right to representation, the ALJ did not explain the valuable role that an attorney could play in the proceedings, the possibility of free counsel, and the limitations on attorney's fees to 25 percent of any eventual awards. This conclusion is consistent with other Courts in this circuit. *See Yakley*, 2013 WL 1010671 at *5 (finding that the claimant did not knowingly and intelligently waive her right to counsel, when the ALJ failed to confirm that the claimant understands that her "representative" could be an attorney who (1) could meaningfully assist her presentation to the ALJ, and (2) might work on either a pro bono or a contingency fee basis.); *see also Nevins*, 2017 WL 2450280, at *3 (finding that the ALJ's colloquy was not sufficient to elicit a valid waiver of the right to representation from Plaintiff because the ALJ did not discuss the 25% cap on attorney's fees nor did he discuss the possibility of free counsel.).

Without a knowing and intelligent waiver of her right to counsel, it cannot be implied from the record that Plaintiff fully understood the proceedings. The ALJ acknowledged at the hearing that there were medical records outstanding, and that the Agency was requesting updated records from her providers (Tr. 46). At the conclusion of the hearing, the ALJ advised Plaintiff that she would have the opportunity to request a new hearing on the basis of the additional records (Tr. 80). At the hearing, Exhibits 1A through 14F were admitted into evidence. The outstanding records, Exhibits 15F through 19F were subsequently procured by the ALJ, and proffered to the claimant post-hearing, who did not levy any objection (Tr. 27). The ALJ proffered Exhibits 15F through 19F by way of a June 12, 2019 letter, which provided for

"Actions You Have A Right To Take." (Tr. 314-315).  Among the actions identified are "written comments concerning the evidence, a written statement as to the facts and law you believe apply to the case in light of that evidence[,]..." and the ability to request a supplemental hearing…to appear, testify, produce witnesses, and submit oral statements concerning the facts and law." *Id.*

Plaintiff's "opportunity for cross-examination is an element of fundamental fairness of the hearing to which a claimant is entitled under section [405(b)] of the Social Security Act." *Wallace*, 869 F.2d at 192 (interpreting *Richardson* for the Third Circuit).  "Waiver of the right to subpoena and cross-examine witnesses concerning post-hearing evidence must be 'clearly expressed or strongly implied from the circumstances.'" *Id.* (quoting *Lonzollo v. Weinberger*, 534 F.2d 712, 714 (7th Cir. 1976)).  As previously stated, the record does not contain evidence of a knowing and intelligent waiver of counsel.  Therefore, without a full and complete explanation of the rights and privileges to which Plaintiff was entitled, the court cannot find Plaintiff's waiver of the right to cross-examine was "clearly expressed or strongly implied from the circumstances." *Id.*

### IV.    CONCLUSION

The Court, for the reasons stated above, concludes that the ALJ did not ensure that Plaintiff knowingly and intelligently waived her right to representation at the hearing, which also resulted in an ineffective waiver of Plaintiff's post-hearing rights. Accordingly, Plaintiff had an unfair administrative proceeding.

During oral argument, Plaintiff through counsel requested that this matter be reassigned to a different ALJ on remand.  Having reviewed the administrative record, the Court finds no grounds for reassignment.  Accordingly, Plaintiff's request for reassignment is denied.

For good cause appearing, the Court will issue a separate order, remanding the matter to the Commissioner.

The Court anticipates that Plaintiff, who has appealed her case with the assistance of counsel, will be represented by an attorney on remand. If she decides, however, to proceed on remand without counsel, "the ALJ should explain her right to have counsel and counsel's availability in full detail." *Vivaritas,* 264 Fed.Appx. at 161. "[A]nd if [she] insists on proceeding *pro se*, the ALJ should develop the record with respect to" all of the issues that Plaintiff has raised to this Court on appeal. *Id.*


DATED: April 21, 2022
        s/ Julien Xavier Neals
JULIEN XAVIER NEALS
UNITED STATES DISTRICT JUDGE